ceedings for the adoption of her child were had, the title of the proceedings and the date of the order of adoption. The Appellate Division held that while the court had power, in the exercise of a sound discretion, to require that the information be furnished, such power was improperly exercised in this case.

*Bernard H. Sandler* and *Ina Wollison* for appellant.

*Alfred Rathheim, John Caldwell Myers* and *Orlando P. Metcalf* for respondent.

*Albert Ottinger, Attorney-General* (*George W. Davis* of counsel), for State Board of Charities.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

BENJAMIN GOLDMAN, Appellant, *v.* HENRY RUBINSTEIN, Respondent.

*Former adjudication — real estate brokers — commissions — license — judgment of Municipal Court, affirmed by Appellate Term, in action to recover commissions as real estate broker, res adjudicata in subsequent action against broker to recover penalty for so acting without license.*

*Goldman* v. *Rubinstein,* 214 App. Div. 791, affirmed.

(Argued January 15, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 12, 1925, which reversed an order of Special Term denying a motion by defendant for a dismissal of the complaint and granting a motion by plaintiff for judgment on the pleadings, denied the plaintiff's said motion and granted that of defendant. Defendant recovered judgment in the Municipal Court of the City of New York against plaintiff for commissions, as real estate brokers, for procuring a purchaser for plaintiff's drug store, which judgment was thereafter affirmed by the Appellate Term. Upon the appeal plaintiff raised the question that defendant was not a licensed real estate broker. Plaintiff has brought this action under section 442-f of the Real Property Law to recover from defendant

the penalty provided for acting as real estate broker without a license. The Appellate Division held that the judgment in the former action was *res adjudicata* of this and directed a dismissal of the complaint.

*Sim C. Binder* and *Nathaniel H. Kramer* for appellant. *Reuben Dorfman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

In the Matter of the Proceedings of IMMACULATA CAPOZZI, Individually and as Executrix of VINCENZO CAPOZZI, Deceased, Appellant, against HARRISON G. HUNT et al., as Executors of DANIEL HUNT, Deceased, Respondents.

*Decedent's estate — lease — covenants — claim against estate for breach of covenant of quiet enjoyment contained in lease made by decedent of lands held by him as life tenant — eviction of tenants by remaindermen — dismissal of claim on ground tenants had notice of extent of decedent's interest in lands.*

*Matter of Hunt*, 211 App. Div. 801, affirmed.

(Submitted January 15, 1926, decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 21, 1924, which affirmed a decree of the Westchester County Surrogate's Court disallowing the claim of the petitioner herein against the estate of Daniel Hunt, deceased, based upon an alleged breach of covenant of quiet enjoyment contained in a lease of real property made by decedent to claimant and her husband, since deceased. The lessor had only a life estate in the demised premises and upon his death, during the term of the lease, the remaindermen evicted the tenants. The surrogate held " that the lessees had actual notice at the time of the execution of the lease of May, 1913, that Daniel Hunt had only a life estate or tenancy in the leased premises and this notice is presumed to continue and there was no fraud on the part of the lessor or with-